```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

AZAMBA K. GALLOWAY,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil No. 2016-34
                                    )
GOVERNMENT OF THE VIRGIN            )
ISLANDS, OFFICER KENDELTH           )
WHARTON, individually and in his    )
official capacity, OFFICER AKEEM    )
FREET, individually and in his      )
official capacity,                  )
                                    )
          Defendants.               )
```

**ATTORNEYS:**

**Alvin E. Entin**
**Joshua M. Entin**
**Richard Della Fera**
Entin, & Della Fera, P.A.
Ft. Lauderdale, FL
**Andrew L. Capdeville**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, U.S.V.I.
    *For Azamba K. Galloway,*

**Claude Walker, AG**
**Carol Thomas-Jacobs, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Government of the Virgin Islands, Officer Kendelth Wharton, and Officer Akeem Freet.*

## ORDER

**GÓMEZ, J.**

Before the Court is the parties' joint motion to extend the time for the Court to retain jurisdiction to enforce the settlement agreement.

**FACTUAL AND PROCEDURAL HISTORY**

On June 20, 2017, the parties to this matter advised the Court that they had entered a settlement agreement, which resolved all pending disputes. Pursuant to the settlement agreement, Galloway agreed to dismiss his claims in this action in return for consideration to be received from the Government of the Virgin Islands on or before November 1, 2017.

On July 27, 2017, the Court entered a judgment dismissing the case in which it retained jurisdiction to enforce the terms of the settlement agreement until November 2, 2017.

Thereafter, on October 28, 2017, the parties jointly moved to extend the period within which this Court would retain jurisdiction to May 2, 2018. The parties stated that the destruction caused by Hurricanes Irma and Maria severely damaged the building in which the VI Department of Finance is housed. Due to these unanticipated and devastating hurricanes, the parties stated that the Government of the Virgin Islands would be unable to remit payment on or before November 1, 2017. The parties represented that the Government of the Virgin Islands would make every effort to remit payment by May 1, 2018. Thus, the parties requested that the Court extend the time period within which the Court would retain jurisdiction to May 2, 2018.

On September 12, 2018, a status conference was held in the above captioned matter. At that conference, the parties stated that a portion of the payment remained outstanding. The parties represented that the Government of the Virgin Islands would remit payment by December 31, 2018. Thus, during the conference, the parties jointly moved to amend the October 28, 2017, motion to reflect the parties' current desire to extend the time period within which the Court would retain jurisdiction up to and including December 31, 2018. The Court subsequently granted the motion to amend.

## **ANALYSIS**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal district courts do not have jurisdiction to enforce a settlement agreement that put an end to a case previously before the court. *See id*. at 381-382. When the parties to a federal lawsuit settle and seek dismissal of the suit, the Court may retain jurisdiction so as to police compliance with the settlement agreement only under some circumstances. *See id*. If the dismissal was pursuant to Fed. R. Civ. P. 41(a)(2), the Court may require, as part of its order dismissing the case, that the parties comply with the settlement

agreement; alternatively, the court may include a provision retaining jurisdiction. *See id.*

In this matter, the judgment dismissing the case expressly retained jurisdiction to enforce the settlement agreement until November 2, 2017. Prior to that deadline on October 28, 2017, the parties jointly moved to extend the period of this Court's jurisdiction on account of unforeseen circumstances. Thus, the issue facing this Court is whether the Court has jurisdiction to rule on the October 28, 2017, motion now that the original deadline through which this Court retained jurisdiction has lapsed.

The Fifth Circuit addressed a similar issue in *Bell v. Schexnayder*, 36 F.3d 447, 449 n.2 (5th Cir. 1994). In *Bell*, Yolanda Bell and her parents, Marshall and Charlene Bell, (collectively "the Bells") sued Dema Schexnayder ("Schexnayder") and the Saint Mary Parish School Board ("Saint Mary") under Title IX, 20 U.S.C. §§ 1681-88, for discrimination on the basis of sex. *Bell*, 36 F.3d at 448. Sometime after, the parties settled their pending case. *Id*. Thereafter, the district court dismissed the case. *Id*. In its dismissal order, the district court expressly provided that the parties could, within 60 days, move to reopen the case to enforce the settlement. *Id*. Schexnayder and Saint Mary moved, within 60 days of the

dismissal order, to enforce the settlement. *Id*. at 449. One month after the 60 day period had passed, the district court granted the motion to enforce the settlement. The Bells opposed the motion. It is unclear from the record whether the Bells asserted that *Kokkonen* compelled a finding that the court's jurisdiction, and authority to enforce, had expired by the time the district court considered the motion to enforce. In any event, in affirming the district court, the Fifth Circuit explained that *Kokkonen* was distinguishable because the "order of dismissal expressly provided that the parties could, within 60 days, move to reopen the case to enforce the settlement. Defendants so moved within 60 days of the dismissal order." *Bell v. Schexnayder*, 36 F.3d 447, 449 n.2 (5th Cir. 1994).

Unlike the dismissal order in *Bell*, the Court here did not expressly provide that the parties could move to reopen the case within a set period of time. Even so, the underlying principle in *Bell*--that a party timely seeking relief before a court's jurisdiction expires may obtain that relief after the expiration of the court's jurisdiction--has some bearing here. Indeed, here the parties timely requested an extension of time before this Court's jurisdiction was set to expire.[1] The Court is unaware of

---

[1] The parties so moved because unforeseen circumstances--the devastation caused by two Category 5 hurricanes--made the forecasted payment under the settlement agreement by November 1, 2017, unworkable.

*Galloway v. Government of the Virgin Islands et al.*
Civil No. 2016-34
Judgment
Page 6

any authority that precludes a court from addressing a jurisdictionally timely filed petition, even after the Court's ostensible jurisdiction expires. *See, e.g.*, *id.*; *see also Thompson v. United States HUD*, 404 F.3d 821, 825 (4th Cir. 2005) (affirming district court order extending time to exercise jurisdiction over consent decree where motion to extend was filed before date jurisdiction expired but order was entered six months after that date).

The premises considered, it is hereby

**ORDERED** that the October 28, 2017, motion (ECF No. 84) is **GRANTED** *nunc pro tunc* to November 1, 2017; and it is further

**ORDERED** that the Court will retain jurisdiction to enforce the settlement agreement until December 31, 2018.

S\_____
    **Curtis V. Gómez**
    **District Judge**